IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
(Brooklyn Division)

| | |
|---|---|
| **Kyung Kun Song,**<br>　　　　　　　　　　　Plaintiff,<br>　　　-against-<br><br>**Doperation, Inc.,**<br>d.b.a. Ju Makk,<br>d.b.a. [Ki-Sa-Sik-Dang] transliterated<br>150-05 Northern Blvd.,<br>Flushing, NY 11354<br>**SERVE: Chi Un Bark,**<br>150-05 Northern Blvd.,<br>Flushing, NY 11354,<br><br>**Dohyun Kim,**<br>320 Adolphus Avenue Apt 1202,<br>Cliffside Park, NJ 07010,<br><br>**Michelle, (potentially known as Young Jeong)**<br>14711 Barclay Avenue Floor 3,<br>Flushing, NY 11355,<br><br>**Sujin Yi,**<br>**a.k.a. Sujin Kim,**<br>**a.k.a. Gem Sujin [Gem is transliteration],**<br>15016 35th Avenue Apt 1,<br>Flushing, NY 11354.<br>　　　　　　　　　　　Defendants. | Case Number: _____<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiff, Kyung Kun Song, by his attorneys, (Michael) Hyunkweon Ryu, as and for his Complaint herein, hereby submits his Complaint and in support thereof, avers as follows:

### Nature of Action

1.　　Plaintiff is a former employee of Defendants Doperation, Inc., d.b.a. Ju Makk, d.b.a. [Ki-Sa-Sik-Dang] transliterated; Dohyun Kim; Michelle, (potentially a.k.a. Young Jeong);

1

Sujin Yi, a.k.a. Sujin Kim, a.k.a. Sujin Gem [Gem is transliteration]., and brings this action to recover unpaid minimum wages, overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs, spread of hours, damages for pay notice violation, and damages for pay statement violation under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.*, and the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.* and New York Code, Rules, and Regulations Part 146 ("NYCRR") from Defendants.

      2.      Plaintiff is filing these FLSA and NYLL claims as an individual action for himself.

## Jurisdiction

      3.      This Court has jurisdiction over the federal law claim asserted in this action under 28 U.S.C. § 216(b) and 28 U.S.C. § 1331.

      4.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to Plaintiff's federal law wage and hour claim that they form parts of the same case or controversy under Article III of the United States Constitution.

## Venue

      5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) since Defendants have their place of business in this District and the unlawful acts occurred in this District.

## Parties and Facts

      6.      Defendant Doperation, Inc. was at all times relevant hereto (i.e., during Plaintiff' employment) a New York Corporation with its place of business in New York at 150-05 Northern Blvd., Flushing, NY 11354, operating a restaurant.

      7.      Defendant Dohyun Kim was at all times relevant hereto the supervisor and manager of the Plaintiff at the restaurant.

8. Defendant Michelle, potentially known as Young Jeong was at all times relevant hereto the real owner of Doperation, Inc., and also the supervisor and manager of the Plaintiff at the restaurant.

9. Defendant Sujin Yi a.k.a. Sujin Kim, a.k.a. Sujin Gem [Gem is transliteration] was at all times relevant hereto the real owner of Doperation, Inc., and also the supervisor and manager of the Plaintiff at the restaurant.

10. All Defendants reside in Queens, NYC, NY.

11. Future defendant Chi Un Bark was at all relevant times the nominal but legal owner of Doperation, Inc. She was at all times relevant hereto believed to be the legal shareholder of Doperation, Inc. She was at all times relevant hereto a girlfriend of Defendant Dohyun Kim. She is a future defendant through the potential operation of NY BCL § 630.

12. Plaintiff at all times relevant hereto was a cook of the restaurant.

13. Plaintiff started working for Defendants since on or about January 2, 2024 until September 22, 2024.

14. Plaintiff worked for Defendants 5 days a week minimum 12 hours per day all throughout his employment (approximately total 37 weeks) with Defendants. As such, Plaintiff worked more than 10 hours per day for five days each work week, and worked at least sixty hours per each work week. As such, each work week Plaintiff worked 40 hours of regular hours and 20 hours exceeding 40 hours per work week, and this hours each work week exceeding 40 hours per work week is conveniently called overtime hours.

15. Based on the above, for all his employment with Defendants, the Plaintiff was entitled to 135 spread of hours (= 27 work weeks x 5 spread of hours per work week).

16. Plaintiff was supposed to be paid $300 per day.

17. Defendants refused to pay Plaintiff $300 per day for the period from January 2, 2024 until March 19, 2025, but told him that they would pay $5,000 for the entire period. Still, Defendants did not even pay that at all.

18. Defendants paid other employees regularly every Wednesday, but did not pay Plaintiff regularly.

19. Defendants told Plaintiff they would pay only $250 per day since the beginning of August 2024.

20. As such, Plaintiff's weekly pay was $1,500 for January – July 2024, and $1,250 for August – September 2024.

21. Defendants did not pay even the principal of the weekly pay of $9,700.

22. As such, for the period of January 2, 2024-March 19, 2024, the total hours worked is approximately 600 hours, and if $5,000 is divided by 600 hours, the hourly rate becomes approximately $8.33. The minimum hourly rate for year 2024 is $16.00.

23. As such, the total unpaid principal for the period which is approximately 10 weeks is 10 work weeks x $16 per hour x 40 hours per work week + 10 work weeks x $16 per hour x 20 hours per work week x 1.5 (for hours exceeding 40 hours per work week). This total unpaid principal for this 10 work weeks is therefore $11,200 (=10 work weeks x $1,120 per work week).

24. The liquidated damages which is the equal amount of the unpaid principal is $11,200 as well.

25. For the period of March 20, 2024-September 22, 2024, it is approximately 20 work weeks, and Plaintiff was paid $1,500 per work week. As such, $1,500 is the Plaintiff's total weekly earnings for the purpose of calculating regular rate of pay. NYCRR § 146-3.5(b). Then, the total weekly earnings is divided by 40 hours because 40 hours is less than the actual number

of hours worked by the Plaintiff during the work week. *Id.* As a result, the regular rate for the period of March 20, 2024-September 22, 2024 is $37.50 per hour. As a result, the total wage that was due for each work week during that period assuming that the 40 hours were fully paid by paying the $1,500 fully each work week (which is not true but for the sake of convenience of calculations) is $1,125 per week (= 20 overtime hours x 1.5 x $37.50 per hour). As such, the total unpaid overtime wage for the 20 work weeks is $22,500. And, the corresponding liqudated damages is $22,500.

26. For the period from August 4, 2024-September 22, 2024 consists of approximately 7 work weeks. Based on $250 per day working for 5 days, the weekly earnings is supposed to be $1,250. Dividing $1,250 by 40 hours, the regular rate for this period is $31.25. Then as calculated above the total unpaid overtime is $6,562.50 (=$31.25 x 20 hours overtime per work week x 1.5, overtime rate, x 7 work weeks ). The liquidated damages for this period is therefore $6,562.50.

27. As to the unpaid $9,700 for the period from March 20, 2024 – September 22, 2024, that is considered unpaid regular hours and as such, it is not multiplied by overtime rate of 1.5. As such, the unpaid principal regular wage is $9,700 and the liquidated damages is $9,700.

28. As such, the total unpaid regular wages and overtime wages and corresponding liquidated damages are $49,962.50 (=$11,200 + $22,500 +$6.562.50 +$9,700), and the liquidated damages is the double of that, which is $99,925.00.

29. At all times relevant hereto, Defendants purchased the goods to sell at the restaurant including alcoholic beverages imported from South Korea. They also used vegetables produced in foreign states and even countries including Mexico. They also used food ingredients imported from China, and South Korea. They also used utensils, serving wears and cooking wears imported from China and South Korea. The menu was exclusively Korean style.

30. At all times relevant hereto, as a cook, Plaintiff directly touched, handled and used the food ingredients and serving and cooking wears imported from China, Mexico and South Korea.

31. At all times relevant hereto, Defendants also used Point of Sale system that used the Internet.

32. At all times relevant hereto, Defendants had at least two employees regularly using credit card processing system that requires the Internet access.

33. At all times relevant hereto, Defendants also purchased and used detergents and cleaning supplies that were produced and imported from foreign states and even foreign countries.

34. At all times relevant hereto, Defendants sold the food produced by Plaintiff using the food ingredients imported from China, Mexico and South Korea to the general public.

35. At all times relevant hereto, they were brought into this State through interstate commerce.

36. As a result, at all times relevant hereto, Defendants and the enterprise were engaged in commerce under 28 U.S.C. §203(b).

37. As a result, at all times relevant hereto, Plaintiff handled, used or otherwise worked on goods produced or manufactured outside the State of New York, including foreign countries such as Mexico, Jamaica, South Korea, and China to be put in interstate commerce, and brought into this State through interstate commerce, and Plaintiff was engaged in commerce under 28 U.S.C. §203(b).

38. As a result, at all times relevant hereto, Plaintiff was engaged in interstate commerce, or the production of goods for interstate commerce, including any closely related process or occupation directly essential to such production.

39. Defendants hired Plaintiff to perform manual work (i.e., cooking) as a cook at Defendants' restaurant, and Plaintiff performed the manual work at the instructions and directions of Defendants.

40. At all times relevant hereto, the annual gross dollar volume of sales or receipts of the enterprise, including the gross dollar volume (not limited to income) derived from all sales and business transactions including gross receipts from service, credit, or other similar charges, excluding internal transactions, if any, and excluding any excise taxes at the retail level which were stated separately exceeds and exceeded $500,000.00. Defendant interviewed Plaintiff for hiring.

41. Defendants set Plaintiff's work schedule.

42. Defendants set Plaintiff's pay.

43. Defendants told Plaintiff how to cook by delivering their opinions on the food prepared by Plaintiff.

44. Defendants at all times relevant hereto

    a) interviewed Plaintiff for hiring.

    b) hired Plaintiff, or participated in the hiring decision of Plaintiff.

    c) participated in and approved of the pay practices of the restaurant, including how Plaintiff was paid, how much Plaintiff was paid, and how the payment to Plaintiff was recorded and reported to the appropriate taxing authority.

    d) managed, supervised, established, administered or exercised authority over the terms and conditions of Plaintiff's employment.

    e) assigned work or participated in assigning work to Plaintiff, including directing Plaintiff where to work and when to work.

    f) had the power and authority to discipline Plaintiff.

45. Plaintiff was not required to possess any specialized skills other than the experience Plaintiff gained from his cooking work in order to do the assigned work for Defendants.

46. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

47. Plaintiff was required to report to work for Defendants at a certain time.

48. Plaintiff could not set his own hours of work for Defendants on his own without the permission or approval of Defendants.

49. As a result, all Defendants were the employers of Plaintiff at all times relevant hereto and Plaintiff was an employee of all Defendants within the meaning of the FLSA, 29 U.S.C. § 203, and NYLL, §§ 2 and 651.

50. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA and the NYLL.

51. However, Defendants failed to compensate Plaintiff properly for all hours worked. Defendants failed to pay the minimum wages mandated by the NYLL and NYCRR, the Furthermore, Plaintiff was not compensated for any overtime hours despite the mandates of the FLSA, the NYLL and NYCRR.

52. During Plaintiff's employment, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours and wages, including any allowances claimed, deductions claimed or tips received by Plaintiff, in violation of the FLSA, NYLL and federal and state regulations. FLSA 29 U.S.C. § 211(c); NYLL § 661; 12 NYCRR § 146-2.1.

53. During Plaintiff's employment, Defendants failed to maintain proper timekeeping and compensation records, as required by the FLSA; NYLL § 195(4); 12 NYCRR § 146-2.1.

54. During Plaintiff's employment, Defendants failed to provide Plaintiff with a wage statement on each payday, as required by NYLL § 195(3); 12 NYCRR § 146-2.3.

55. During Plaintiff's employment, Defendants also failed to furnish Plaintiff with a wage notice as required by NYLL § 195(1); 12 NYCRR § 146-2.2.

56. Through these unlawful acts, Defendants evaded the payment of wages owed to Plaintiff pursuant to the standards set forth by the FLSA and/or the NYLL.

57. Defendants' failure to properly pay Plaintiff the minimum and overtime wages was intentional and willful.

58. Further, by virtue of their positions and involvement, Defendants and future Defendant Bark are personally liable for all debts, wages or salaries due and owing to the Plaintiff for services performed by Plaintiff for Defendant Doperation, Inc., pursuant to the N.Y. Bus. Corp. Law §630.

59. At all times relevant hereto, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

60. At all times relevant hereto, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

61. At all times relevant hereto, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

62. Upon information and belief, Defendants never obtained legal advice that its overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

63. Upon information and belief, Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

64. Upon information and belief, Defendants never obtained any written guidance from the State of New York, including any branches or agencies thereof concerning their pay practices and policies.

65. During Plaintiff's employment, Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights as required under the FLSA and federal and state regulations including NYCRR § 146-2.4 or otherwise provide Plaintiff with information about their legal rights.

**Count I: Violation of FLSA**

66. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

67. Plaintiff is entitled to overtime pay under the FLSA, 29 U.S.C. §207.

68. Defendants violated the provision of the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiff all overtime compensation due to him under the FLSA and its implementing regulations.

69. Plaintiff has been damaged by the said violation by Defendants in an amount presently to be determined at the trial of this action.

70. By reason of the aforesaid violations of the FLSA, Plaintiff is entitled to recover from Defendants jointly and severally, his unpaid overtime wages, which are at the rate of not-less-than one and one-half (1.5) times of Plaintiff's regular hourly wage rate, an additional equal amount to the unpaid wages as liquidated damages, reasonable attorney's fees and the costs of

this action, pursuant to 29 U.S.C. §216(b), and pre-and post judgment interest, all in an amount to be determined at trial.

71. The detailed damages have been calculated above.

**COUNT II: State Minimum Wage and Overtime Compensation Violation**

72. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

73. Defendants knowingly, willfully, and intentionally failed to pay the minimum wages for all hours worked in violation of NYLL § 652, and 12 NYCRR § 146-1.2.

74. Defendants knowingly, willfully, and intentionally failed to pay overtime pay for hours worked in excess of forty (40) hours a week at a rate one and one-half times of Plaintiff's regular hourly rate in violation of 12 NYCRR § 146-1.4.

75. Pursuant to NYLL §§ 198.1-a and 663, an employer who willfully fails to pay overtime required by NYLL shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the one hundred percent of the total of such underpayments found to be due to the employee.

76. Because of Defendants' willful violation of the NYLL, Plaintiff suffered damages and is entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, and liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

77. The detailed damages have been calculated above.

**COUNT III: Spread of Hours Pay Violation**

78. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

79. Defendants regularly and knowingly required Plaintiff to be at work in excess of ten (10) hours per day.

80. Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay at minimum wage for every day in which the interval between Plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. 12 NYCRR §§ 142-1.6.

81. Because of Defendants' willful violation of the NYLL, Plaintiff suffered damages and is entitled to recover from Defendants, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

82. The spread of hours to be paid to the Plaintiff is $16 per hour x 135 times = $2,160.

**COUNT IV: State Unpaid Wage Violations**

83. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

84. Defendants failed to pay Plaintiff the wages owed to him at least seven calendar days after the week in which the wages were earned, in violation of NYLL § 191.1(a).

85. Defendants failed to pay Plaintiff the wages owed to him after he ceased working for Defendants by the next regular pay day, in violation of NYLL § 191.3.

86. Pursuant to NYLL §§ 198.1-a and 663, an employer who willfully fails to pay wages required by NYLL shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the one hundred percent of the total of such underpayments found to be due to the employee, and prejudgment interest under CPLR § 5001.

87. Because of Defendants' willful violation of the NYLL, Plaintiff suffered damages and is entitled to recover from Defendants, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

88. The detailed calculation is set forth above.

### COUNT V: Violation of NYLL Section 195(1)

89. Plaintiff repeats and re-alleges all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

90. At all relevant times, Defendants were Plaintiff's employers within the meaning of the New York Labor Law §§ 2 and 190. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for his employment.

91. Defendants willfully failed to furnish Plaintiff with wage notices during the entirety of Plaintiff's employment, including the rate of regular and overtime pay and basis thereof; allowances, if any; the regular pay day; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, as required by the NYLL, N.Y. Lab. Law § 195(1).

92. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties of fifty dollars ($50.00) for each work day after November 14, 2014 on which

Defendants failed to provide Plaintiff with wage notice, up to a maximum amount of five thousand dollars ($5,000.00), together with costs and reasonable attorney's fees, pursuant to N.Y. Lab. Law § 198(1-b).

### COUNT VI: Violation of NYLL Section 195(3)

93. At all relevant times, Defendants were Plaintiff's employers within the meaning of the New York Labor Law §§ 2 and 190. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for his employment.

94. Defendants willfully failed to furnish Plaintiff with wage statement with every payment of wages, listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; allowances, if any; and net wages, as required by the NYLL, N.Y. Lab. Law § 195(3).

95. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties of two hundred fifty dollars ($250.00) for each work day after November 14, 2014 on which Defendants failed to provide Plaintiff with wage statements, up to a maximum amount of five thousand dollars ($5,000.00), together with costs and reasonable attorney's fees, pursuant to N.Y. Lab. Law § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant a judgment against all Defendants jointly and severally in favor of Plaintiff:

a. An award of $99,925.00 for their failure to pay Plaintiff in accordance with the standards set forth by the FLSA, NYLL and NYCRR, including the unpaid minimum and overtime wages, and the liquidated damages;

b. An award of $5,000 for the violation of NYLL § 195(1);

  c.  An award of $5,000 for the violation of NYLL § 195(3);

  d.  An award of $2,960 for the violation of spread of hours, and its corresponding liquidated damages of $2,960.

  e.  An award of pre-judgment and post-judgment interest, pursuant NY CPLR §§ 5001 and 5004;

  f.  An award of reasonable attorneys' fees and all costs, and

  g.  All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of their peers hear and decide all possible claims brought on behalf of Plaintiff.

            Respectfully Submitted,
            by Kyung Kun Song
            through his counsel:
            <u>/s/ (Michael) Hyunkweon Ryu</u>
            (Michael) Hyunkweon Ryu
            164-07 Depot Road, Suite 208
            Flushing, New York 11358
            Tel: 718-819-0001
            email: michaelryu@ryulawgroup.com